UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DEWITT McGRIFF,

                Petitioner,

              - against -                       **MEMORANDUM AND ORDER**
                                                          15-CV-5225 (RRM)

WILLIAM F. KEYSER,

                Respondent.
----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* petitioner, Dewitt McGriff, filed the instant petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, challenging his conviction for Burglary and Criminal Mischief. (Pet. for Writ of Habeas Corpus ("Pet.") (Doc. No. 1) at 1.)[1] For the reasons set forth below, McGriff is directed to submit an affirmation, within sixty (60) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

## BACKGROUND

On August 1, 1997, McGriff was convicted of Burglary and Criminal Mischief and sentenced to an indeterminate term of twenty-five years to life imprisonment following a jury trial in New York Supreme Court, Queens County. (Pet. at 1.) His conviction was affirmed on October 26, 1998 by the Appellate Division, Second Department. (*Id.* at 2.) On December 17, 1998, his application for leave to appeal to the New York Court of Appeals was denied. (*Id.*) McGriff did not appeal to the United States Supreme Court.

On March 1, 2014, McGriff filed a motion for collateral relief pursuant to N.Y. Crim. Proc. Law § 440.10, which was denied on April 22, 2014. (*Id.* at 3.) On June 23, 2014, he sought leave to appeal to the Appellate Division, Second Department, but was denied. (*Id.* at 3–

---

[1] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

4.) On July 10, 2014, he filed a petition for a writ of error *coram nobis*, which the Appellate Division denied on February 11, 2015. (*Id.* at 5.) On June 2, 2015, the Court of Appeals denied leave to appeal. (*Id.* at 8.)

McGriff filed the instant petition on August 31, 2015. (Aff. Service (Doc. No. 1-2) at 1.) McGriff alleges that he was delayed in filing his petition because he was transferred from Elmira Correctional Facility to Green Haven Correctional Facility in October 1999 and the Department of Corrections and Community Supervision lost his legal papers. (Pet. at 14.) He asserts that he "made numerous complaints to prison officials with respect to locating his lost legal papers, but to no avail." (*Id.*) He states that he was recently provided with legal assistance in filing his post-conviction motions in state court. (*Id.*) McGriff requests that the statute of limitations be tolled "upon the ground of a state created impediment by DOCCS." (*Id.*)

## DISCUSSION

### I. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of *habeas corpus* by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A "properly filed" application for state post-conviction or other collateral review tolls the one-year period while pending. 28 U.S.C. § 2244(d)(2).

Additionally, there are special circumstances that may qualify a petitioner for equitable tolling. The statute of limitations period may be equitably tolled if a petitioner can demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Equitable tolling, however, is only appropriate in rare and exceptional circumstances." *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (internal quotation omitted).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta*, 221 F.3d at 125.

The facts alleged in the instant petition suggest that McGriff's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 is time-barred. The New York Court of Appeals denied leave to appeal the conviction on December 17, 1998, and McGriff did not seek a writ of

certiorari from the United States Supreme Court. Accordingly, the judgment became final ninety days later on March 17, 1999, when the time for seeking further review expired. Pursuant to 28 U.S.C. § 2244(d)(1)(A), McGriff had until March 17, 2000 to file his petition unless a tolling provision applied.

## II.     Statutory and Equitable Tolling

McGriff does not qualify for statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) because he did not file his state court applications for post-conviction relief until long after the expiration of the limitations period. A motion for post-conviction relief filed after the limitations period has expired does not re-set the statute of limitations period. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

Accordingly, the petition is time-barred unless there is a basis for equitable tolling. Equitable tolling is appropriate only where a "rare and exceptional circumstance" prevented the petitioner from filing his application on time. *Id.* Here, McGriff has asserted that his untimeliness should be excused because the New York State Department of Corrections and Community Supervision lost his legal papers during his transfer between facilities in October 1999. The Second Circuit has held that the confiscation of legal papers can be the basis for equitable tolling where the confiscation occurred shortly before the petitioner's statute of limitations period runs out. *Valverde v. Stinson*, 224 F.3d 129 (2d Cir. 2000). But "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Id.* at 134; *see Brown v. Laclaire*, No. 07-CV-5906 (KMW), 2009 WL 804131, at *4 (S.D.N.Y. Mar. 26, 2009) (finding that the statute of limitations should be

4

equitably tolled where petitioner's legal papers were lost during his transfer between correctional facilities and petitioner demonstrated sufficient diligence in pursuing his remedies).

In this case, McGriff merely alleges that he made "numerous complaints" about the lost documents. Moreover, he has not demonstrated that the lost documents were necessary to develop the legal claims presented for judicial review. *See, e.g.*, *Quezada v. Artuz*, No. 98-cv-2593, 2001 WL 1262402, at *2 (E.D.N.Y. Oct. 17, 2001) (declining to apply equitable tolling where petitioner lost his legal papers three months before the expiration of the statute of limitations, but the habeas petition "required virtually no preparation because it merely raise[d] the same claims presented on direct appeal and d[id] so merely by citing petitioner's Appellate Division briefs."); *United States v. Rodriguez*, 438 F. Supp. 2d 449, 455 (S.D.N.Y. 2006) ("[E]ven if prison officials by their intentional confiscation of [petitioner]'s legal papers created an 'extraordinary circumstance,' that circumstance did not and could not have prevented [petitioner] from asserting his present claims in a timely filed motion."). The Court does not find, on the basis of the facts asserted in the petition, that McGriff is entitled to equitable tolling.

### III.     Alternative Trigger Dates for the Statute of Limitations

McGriff's reference to a "state created impediment" suggests that he may be seeking to invoke 28 U.S.C. § 2244(d)(1)(B), which would establish an alternate start date for the one-year limitations period beginning when the unconstitutional state-created impediment to filing was removed. However, McGriff has not demonstrated that the loss of his legal papers prevented him from filing this petition for sixteen years. *See, e.g.*, *Ramos v. Walker*, No. 99-CV-5088 (LAK), 2002 WL 31251672, at *2 (S.D.N.Y. Oct. 8, 2002) (rejecting argument that petition was timely under § 2244(d)(1)(B) where petitioner did "not even attempt to show for how long the seizure, however immediately disruptive it may have been, *continued* to prevent him from filing

his habeas petition"). From the facts alleged in the petition, the Court finds that 28 U.S.C. § 2244(d)(1)(A) establishes the appropriate start date for the limitations period. As such, it appears McGriff's statute of limitations began to run on March 17, 1999 and expired on March, 17, 2000.

## CONCLUSION

McGriff is directed to show cause by affirmation, within sixty (60) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition.[2] If McGriff believes that 28 U.S.C. § 2244(d)(1)(B), (C), or (D) apply to this case, or if he has additional grounds for equitable tolling of the statute of limitations, he shall present the facts to the Court in his affirmation and he shall append to his affirmation documentary evidence, if available, supporting his allegations. No response shall be required from respondent at this time and all further proceedings shall be stayed for sixty (60) days, or until McGriff has complied with this Order. If McGriff fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

The Clerk of Court is directed to transmit to petitioner a copy of this Memorandum and Order and attached affirmation form via U.S. Mail.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
   June 20, 2017

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[2] An affirmation form is attached to this Order for petitioner's convenience.

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DEWITT McGRIFF,

        Petitioner,                       **PETITIONER'S AFFIRMATION**
                                                                15-CV-5225 (RRM)

  -against-

WILLIAM F. KEYSER,

        Respondent.
-----------------------------------------------------------x
STATE OF NEW YORK    }
                                } ss:
COUNTY OF _____    }

       I, DEWITT McGRIFF, make the following affirmation under the penalties of perjury:

1.    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____, 2017. The instant petition should not be time-barred by the AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____   [YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2. In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____            _____
                                 Signature

                                 _____
                                 Address
                                 _____

                                 _____
                                 City, State & ZIP