UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DEWITT McGRIFF,

                Petitioner,

        - against -

WILLIAM F. KEYSER,

                Respondent.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-5225 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

    *Pro se* petitioner Dewitt McGriff filed the above-captioned petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Compl. (Doc. No. 1).) By Order dated June 20, 2017, the Court directed McGriff to show cause within 60 days why the petition should not be dismissed as time-barred. (Mem. & Order (Doc. No. 9).) The Court received McGriff's Affirmation on July 5, 2017. However, the Affirmation fails to demonstrate that the instant petition is timely or that McGriff is entitled to equitable tolling of the statute of limitations. (*See generally* Affirmation (Doc. No. 10).) Accordingly, the petition is hereby dismissed as time-barred.

## DISCUSSION

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations period during which prisoners may file a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, this one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*[1] McGriff's conviction became final on March 17, 1999 – ninety days after the New York Court of Appeals denied his appeal, and after the expiration of time to

---

[1] The additional triggering events, which do not appear to be relevant here, are set forth in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

seek certiorari from the United States Supreme Court. *People v. McGriff*, 92 N.Y.2d 1035 (N.Y. 1998). Accordingly, the limitations period expired a year later, on March 17, 2000. McGriff did not file any state challenges to his conviction during this time, so there are no grounds for statutory tolling. (*See generally* Affirmation.)

In his affidavit received on July 5, 2017, McGriff now affirms that he began drafting his habeas corpus petition in 1999, with the assistance of a law library paralegal, while he was housed at Elmira Correctional Facility. (*Id.* at 2.) Thereafter, he states, he was transferred to Greenhaven Correctional Facility, and a bag containing his legal materials, including trial transcripts and a partially drafted petition and affidavit, was lost. (*Id.* at 2–3.) McGriff states that he "notified facility personnel as soon as he discovered his property was missing, and filed a grievance." (*Id.* at 3.) The grievance initially was denied. (*Id.*) McGriff does not provide the dates for the move or the grievance process. McGriff then states that "when [he] was transferred to Sullivan Correctional Facility, he followed up on his grievance and it was granted." (*Id.*) He attaches an inmate grievance complaint dated February 14, 2014. (*Id.* at 7–8.) The grievance notice states that "some of Grievant's legal property that was lost in 1999 has been located and returned to him by Greenhaven C.F. draft Sergeant on Feb. 24th, 2014." (*Id.* at 8.) After the return of his papers, McGriff immediately began to pursue collateral relief, by filing a motion pursuant to New York Criminal Procedure Law § 440.10 on March 1, 2014. However, these filings were too late to toll the statute of limitations prior to McGriff filing the instant petition.

The statute of limitations may be equitably tolled if a petitioner can demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Second Circuit has held that the

confiscation of legal papers may present an "extraordinary circumstance." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). However, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstance began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Id.*

Here, although McGriff's Affirmation states that his papers were lost in 1999 and that an initial grievance was denied, he appears to have made no further effort to locate his legal materials or to pursue any collateral challenges during the period between 1999 and 2014. This 15-year period of inactivity shows that McGriff did not act with "reasonable diligence," and was not prevented from filing by extraordinary circumstances.

during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *See, e.g.*, *Giles v. Smith*, No. 10-CV-5322 (PKC), 2010 WL 4159468, at *3 (S.D.N.Y. Oct. 8, 2010) (dismissing petition as time-barred upon finding that petitioner failed to allege reasonable diligence where 13 years elapsed between the loss of his legal papers and filing his petition); *Dodell v. Walsh*, No. 09-CV-9902 (DLC), 2010 WL 624910, at *3 (S.D.N.Y. Feb. 19, 2010) (dismissing untimely petition where petitioner could have obtained copies of lost legal papers or filed petition and requested additional time to obtain lost copies of his state court papers).

As McGriff's Affirmation fails to establish any grounds for statutory or equitable tolling of the statute of limitations, the Court finds that the instant petition is time-barred and must be dismissed.

**CONCLUSION**

The Court has considered the claims in the original petition and McGriff's subsequent Affirmation and finds that the statute of limitations has expired and there are no sufficient grounds for equitable tolling. Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred.

A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112–13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Memorandum and Order and the accompanying Judgment to petitioner Dewitt McGriff, *pro se*, note the mailing on the docket, and close this case.


SO ORDERED.


Dated: Brooklyn, New York
      March 26, 2019

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge